1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE, an individual,<br><br>                              Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A., a<br>business entity; and DOES 1 through<br>10, inclusive,<br><br>                              Defendants. | CASE NO. 14cv1342-GPC-RBB<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS**<br><br>[Dkt. No. 4.] |

On June 9, 2014, Defendant Wells Fargo Bank, N.A. ("Defendant") filed a motion to dismiss Plaintiff Ronald Moore's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), (Dkt. No. 4), and a related request for judicial notice, (Dkt. No. 4-2). The motion has been fully briefed. (Dkt. Nos. 6, 7.) Pursuant to L. Civ. R. 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint.

**I. BACKGROUND**[1]

In April 2002, Plaintiff purchased the property located at 1573 Skylark Way,

---

[1]Unless otherwise noted, the factual background is taken from the Complaint, (Dkt. No. 1-1, Notice of Removal Ex. A), and Defendant's Request for Judicial Notice, (Dkt. No. 4, "RJN," Exhibits A-J). Defendants asks the Court to take judicial notice of exhibits A-J. (Dkt. No. 4-2.) Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of these documents because they are matters of public record or, alternatively, Plaintiff has cited to them in his Complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). See also, infra, Section III.

Chula Vista, California, 91911 ("Property"). (Dkt. No. 1-1, Notice of Removal Ex. A, "Compl." ¶ 15.) On December 19, 2006, Plaintiff completed a loan ("Loan") secured by the Property, in the amount of $409,500.00. (RJN, Ex. A at 1-3.) Plaintiff alleges Defendant acquired the Loan "on around 2010." (Compl. ¶ 17.)

Plaintiff alleges learning that Defendant acquired his Loan in 2011. (Id. ¶ 18.) Plaintiff alleges he was "paying approximately $2165.49 on his monthly mortgage" and "began contacting [Defendant] in an effort to get a loan modification." (Id. ¶¶ 18-19.) Plaintiff alleges Defendant then "informed Plaintiff over the phone that he qualified for a loan modification" after "months of review." (Id. ¶ 20.) Plaintiff further alleges that Defendant informed Plaintiff that he was to start a "Trial Payment Plan," under which Plaintiff would make three months of payments at $2216.49[2] per month in exchange for a loan modification contract that "would reflect a lower amount." (Id. ¶¶ 20-21.) Plaintiff alleges completing "all three payments on the [Trial Payment Plan]" and that he "continually contacted and waited for Defendant WELLS to provide a written contract with the correct lower amount." (Id. ¶ 24.)

Plaintiff further alleges he repeatedly asked Defendant for a written contract memorializing the terms of the Trial Payment Plan and loan modification while making payments, though Defendant failed to provide one. (Id. ¶¶ 22-25.) Additionally, Plaintiff alleges while he "was attempting to figure out the modification system, [he] was trying to re-start the loan modification process. Plaintiff began sending the same financial paperwork he had sent before to Defendants and continued to do so until late 2013." (Id. ¶ 26.) Plaintiff alleges he "would send all necessary documents to Defendant WELLS countless times, and each time Defendants stated that they couldn't find the documents or to call back later." (Id. ¶ 27.) Plaintiff alleges, as of the filing of his Complaint on March 27,

---

[2]The Court notes that some allegations in Plaintiff's Complaint state the Trial Payment Plan payments amount as $2219.49 per month. (See Compl. ¶ 35.)

1   2014, "Plaintiff has not been denied a loan modification and for all Plaintiff knows,

2   is still considered to be under review." (Id. ¶ 28.)

3      In addition, Plaintiff alleges receiving "an incessant amount of phone calls

4   daily to his home and his cell phone, from representatives of Defendants, attempting

5   to collect payments. Plaintiff requested every time for Defendants to stop contacting

6   him but was unsuccessful." (Id. ¶ 27.)

7      On March 27, 2014, Plaintiff filed the present lawsuit before the San Diego

8   County Superior Court. (Id. at 1.) Plaintiff's Complaint alleges five causes of

9   action: (1) breach of contract; (2) promissory estoppel; (3) breach of the implied

10   covenant of good faith and fair dealing; (4) unfair business practices in violation of

11   California Business and Professions Code section 17200 *et seq.*; and (5) violation of

12   the Rosenthal Fair Debt Collection Practices Act, California Civil Code sections

13   1788-1788.3. (Id.)

14      On June 2, 2014, Defendant removed this action to federal court. (Dkt. No. 1,

15   Notice of Removal.) Presently before the Court is Defendant's Motion to Dismiss

16   Plaintiff's Complaint for Failure to State a Claim. (Dkt. No. 4.)

## II. STANDARD

18      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

19   sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

20   Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable

21   legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

22   1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes

23   a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively,

24   a complaint may be dismissed where it presents a cognizable legal theory yet fails to

25   plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff

26   need not give "detailed factual allegations," a plaintiff must plead sufficient facts

27   that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp.

28   v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. <u>Lee v. Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

## III. DISCUSSION

### A.    Judicial Notice

Defendant seeks judicial notice of ten documents: (1) a deed of trust recorded in the San Diego County Recorder's Office on December 13, 2006; (2) a Certificate of Corporate Existence dated April 21, 2006; (3) a letter on Office of Thrift Supervision letterhead authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB ("Wachovia"); (4) the charter of Wachovia Mortgage,

FSB; (5) an official certification by the Comptroller of the Currency, Administrator of National Banks; (6) a printout from the website of the Federal Deposit Insurance Corporation showing the history of World Savings Bank, FSB; (7) a Notice of Default and Election to Sell Under Deed of Trust dated December 5, 2012 and recorded on December 6, 2012; (8) a Notice of Trustee's Sale dated December 6, 2012; (9) a Home Affordable Modification Agreement dated and signed by Plaintiff on July 31, 2013; and (10) a Notice of Rescission of Notice of Default dated September 3, 2013. (Dkt. No. 4-2.)

Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of public record), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Courts have routinely taken judicial notice of records filed with the county recorder. See e.g., Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n. 2 (N.D. Cal. 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n. 2 (N.D. Cal. 2011); Giordano v. Wachovia Mortg., FSB, 2010 WL 5148428, at * 1 n. 2 (N.D. Cal. 2011). Here, Plaintiff does not object to Defendants' Request for Judicial Notice, and the documents are publically recorded documents or official documents whose accuracy cannot reasonably be questioned. Thus, the Court finds that the accuracy of these documents cannot reasonably be questioned. Accordingly, the Court hereby takes judicial notice of Exhibits 1-10.

## B.    Motion to Dismiss

Defendant moves to dismiss all five causes of action in Plaintiff's Complaint for failure to state a plausible claim for relief pursuant to Federal Rules of Civil Procedure 12(b)(6). (Dkt. No. 4.) The Court addresses each cause of action in turn.

### 1. Breach of Contract

Plaintiff alleges Defendant verbally told Plaintiff he qualified for a loan modification that would increase his monthly payment by $100.00 per month for three months under a Trial Payment Plan and then his loan would be "fixed at the previous lower amount." (Compl. ¶¶ 32-34.) In reliance on this verbal agreement, Plaintiff "fully performed on the Trial Payment Plan and provided all three payments that were required under the Plan." (Id. ¶ 34.) Plaintiff alleges Defendant thereafter "refused to provide any paperwork supplementing their previous promise to Plaintiff" and has "refused to review Plaintiff for another loan modification." (Id.)

Defendant moves to dismiss Plaintiff's breach of contract claim on the ground that the HAMP Modification Agreement ("HAMP Agreement") entered into by the Parties in or around July 2013 demonstrates that Defendant in fact granted Plaintiff a loan modification. (Dkt. No. 4-1 at 6.) Defendant argues the HAMP Agreement expressly stated that it superceded the terms of any previous modification previously agreed to by the parties, barring Plaintiff from enforcing an alleged oral loan modification agreement between the Parties other than the HAMP agreement. (Id.) Defendant further argues the oral contract Plaintiff alleges is barred by the statute of frauds, which requires any agreement to create, renew, or extend a mortgage to be in writing. (Id.) (citing Cal. Civ. Code § 2922; Cal. Civ. Code § 1924(a)(3); Secrest v. Security National Mortgage Loan Trust 2002, 167 Cal. App. 4th 544, 552-554 (2008)).

Plaintiff responds that his Complaint "clearly alleges Defendant's breach of the oral agreement." (Dkt. No. 6 at 6.) Plaintiff argues Defendant "promised him that once [the Trial Plan Payments] were made, the loan would be permanently modified at a lower amount." (Id.) Plaintiff argues "Wells Fargo led Plaintiff to believe that the agreement he was signing was temporary and that they would honor their promise to reduce his monthly payment." (Id.) Plaintiff further argues the

1   alleged oral agreement falls within an exception to the statute of frauds. (Id. at 7-9.)

2       As an initial matter, the Court notes that Plaintiff's response brief alternates

3   between referring to the alleged agreement between the Parties as an "oral

4   agreement," (id. at 6:8, 6:19, 7:16), and an agreement Plaintiff "was signing," (id. at

5   6:24, 7:12, 7:9). These characterizations of the agreement at issue appear to conflict.

6   As alleged in Plaintiff's Complaint, Plaintiff alleges a verbal agreement between the

7   Parties made "over the phone," (Compl. ¶ 23) and alleges that Defendant refused to

8   send Plaintiff written paperwork, (id. ¶¶ 23-25); as such, the Court disregards

9   Plaintiff's arguments regarding any "signing" of the agreement for the purposes of

10  considering the present motion to dismiss.

11      Under California law, "the elements of a cause of action for breach of

12  contract are (1) the existence of the contract, (2) plaintiff's performance or excuse

13  for nonperformance, (3) defendant's breach, and (4) the resulting damages to the

14  plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). A

15  claim for breach of an oral contract must "set forth the substance of its relative

16  terms." Gautier v. General Tel. Co., 234 Cal. App. 2d 302, 305 (1965). In fact, "not

17  only must the facts constituting the defendant's breach be stated with certainty, but

18  there must also be an allegation that the damage to plaintiffs resulting therefrom is

19  legally actionable." Id. at 305-06.

20      Here, the Court finds that Plaintiff has failed to plead sufficient facts

21  regarding the relative terms of the alleged oral contract and therefore has failed to

22  plead contract formation or Defendant's breach to the requisite level of plausibility.

23  See Iqbal, 556 U.S. at 678. For example, in relation to contract formation, the

24  Complaint fails to allege when the alleged agreement was made; the "lower

25  amount" to which Defendant agreed to lower Plaintiff's mortgage payments; or the

26  "new payment terms" allegedly promised by Defendant.

27      With respect to Defendant's breach, Plaintiff's Complaint appears to allege

28  two actions by Defendant that could constitute a breach of an oral agreement

1    between the Parties: (1) that Defendant "unilaterally breached the verbal

2    modification contract" by refusing to "provide any paperwork supplementing their

3    previous promise to Plaintiff," (Compl. ¶ 34); and (2) that Plaintiff "substantially

4    relied on Defendant's verbal promise that if he made three payments in the amount

5    of $2219.49, the monthly payments on his mortgage would be fixed at the previous

6    lower amount," (id. ¶ 35). Neither allegation provides sufficient facts to allege a

7    plausible claim that Defendant breached an oral contract. As for the first possible

8    allegation of Defendant's breach, Plaintiff has not alleged that the provision of

9    paperwork was a material term of the Parties' oral contract, so Defendant's failure

10   to provide supplemental paperwork cannot allege a plausible breach of the Parties'

11   agreement.

12        The second possible allegation of Defendant's breach suffers from at least

13   two fatal flaws. First, paragraph 35 of Plaintiff's Complaint indicates the Parties

14   agreed that Plaintiff would pay an increased Trial Payment Plan for three months in

15   order to maintain his previous monthly payment amount. As an initial matter, the

16   Court is not convinced that such an agreement constitutes a valid contract supported

17   by consideration. Furthermore, even if the terms of the Parties' oral agreement were

18   as alleged in paragraph 35 of Plaintiff's Complaint, Plaintiff fails to allege receiving

19   any bills or making any payments after Plaintiff allegedly completed his Trial Plan

20   Payments. The Complaint's allegations are thus silent as to whether Plaintiff's

21   payments remained at the Trial Plan Payment amount of $2219.49 per month after

22   the three-month Trial Plan Payment period, or whether Plaintiff's subsequent

23   monthly payments returned to the previous amount of $2165.49 per month.

24   Although Plaintiff's allegations may be "consistent with" a breach of Defendant's

25   alleged oral agreement with Plaintiff, they are also consistent with Defendant's

26   performance and thus fail to allege a plausible entitlement to relief. See Iqbal, 556

27   U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a

28   defendant's liability, it stops short of the line between possibility and plausibility of

1  entitlement to relief.") (quoting Twombly, 550 U.S. at 557) (internal quotation

2  marks omitted).

3         Because Plaintiff has failed to allege a plausible claim for breach of contract,

4  the Court GRANTS Defendant's motion to dismiss Plaintiff's breach of contract

5  claim.[3]

6              **2.    Promissory Estoppel**

7         Plaintiff's second cause of action alleges that Defendant "made a verbal

8  promise to Plaintiff that after full payment of the Trial Payment Plan, Plaintiff

9  would be given a modification on his mortgage loan at the correct lower amount."

10  (Compl. ¶ 39.) Plaintiff further alleges:

11
12              Because Defendants[4] breached their promise and refused to give
              Plaintiff a loan modification by requiring Plaintiff to perform
              under the Trial Payment Plan, and thereafter failing to revert
13              Plaintiff's mortgage payments back to the previous correct lower
              amount that Plaintiff was paying Defendants. Defendants did not
14              provide a modification like they had promised. Plaintiff's
              detrimental reliance on this promise left him no other foreclosure
15              alternatives.

16  (Compl. ¶ 42.)

17         Defendant argues Plaintiff fails to state a claim for promissory estoppel

18  because the "equities do not favor plaintiff." (Dkt. No. 4-1 at 8.) In essence,

19  Defendant argues the Complaint is "devoid of facts showing . . . agreement . . .

20  entered into by the parties" and fails to allege a "clear promise and/or unambiguous

21  terms related to a modification." (Id.) The Court agrees.

22         "The elements of a promissory estoppel claim are (1) a promise clear and

23  unambiguous in its terms; (2) reliance by the party to whom the promise is made;

24  _____

25         [3]As the Court finds that Plaintiff fails to state a plausible claim for breach of
contract, the Court declines to address Defendant's motion to dismiss the breach of
26  contract claim based on an asserted statute of frauds defense. See Rivera v. Peri & Sons
Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) (holding that a motion to dismiss should
27  only be granted due to an affirmative defense if the defense "is obvious on the face of
a complaint").

28         [4]The Court notes that although the Complaint repeatedly refers to plural
"Defendants," there is only one currently-named Defendant in this matter.

(3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." <u>U.S. Ecology, Inc. v. State,</u> 129 Cal. App. 4th 887, 901 (2005) (internal citation omitted). As with Plaintiff's breach of contract claim, Plaintiff's claim for promissory estoppel lacks sufficient factual allegations to support a plausible claim that the Parties reached an unambiguous modification agreement. Lacking are allegations regarding when the alleged promise was made; the "lower amount" to which Defendant promised to lower Plaintiff's mortgage payments; or the temporal limitations of Defendant's promise. Failure to allege sufficient facts regarding Defendant's alleged promise is fatal to a promissory estoppel claim. <u>See, e.g.,</u> <u>Ward v. Wells Fargo Home Mortgage</u>, No. 14-cv-00887-JCS, 2014 WL 1922082 at *12 (N.D. Cal. May 6, 2014).

Furthermore, Plaintiff fails to explain how a promise to raise mortgage payments for three months and then revert the monthly payments to the previous mortgage amount is a "loan modification" promise on which Plaintiff's reliance was reasonable or foreseeable. In fact, Plaintiff's response to Defendant's motion to dismiss states that "Plaintiff relied on the verbal promises made by Wells Fargo that once he made the first three (3) payments at a higher amount, the loan would be permanently modified at a lower amount." (Dkt. No. 6 at 9.) This statement mis-characterizes the allegations in the Complaint; Plaintiff's Complaint plainly alleges that Defendant "fail[ed] to revert Plaintiff's mortgage payments back to the previous correct lower amount that Plaintiff was paying Defendants." (Compl. ¶ 42.) As set forth in Plaintiff's Complaint, the Court therefore finds that Plaintiff has failed to allege a promise on which Plaintiff reasonably or foreseeably relied. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's promissory estoppel claim.

### 3.     Implied Covenant of Good Faith and Fair Dealing

"There is implied in every contract a covenant by each party not to do

anything which will deprive the other parties thereto of the benefits of the contract." Harm v. Frasher, 181 Cal. App. 2d 405 (1960). However, "[w]here there is no underlying contract there can be no duty of good faith arising from the implied covenant." Horn v. Cushman & Wakefield W., Inc., 72 Cal. App. 4th 798, 804 (1999). As stated above, the Court finds that Plaintiff has failed to allege a plausible claim for breach of contract; accordingly, the Court also finds that Plaintiff has failed to allege a plausible claim for breach of the implied covenant of good faith and fair dealing. Id. The Court GRANTS Defendant's motion to dismiss Plaintiff's third cause of action.

### 4.    Unfair Business Practices

Plaintiff's fourth cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, alleges Defendant "engaged in deceptive business practices" by:

> 1) making untrue or misleading statements regarding Defendants intention to modify Plaintiff's loan; 2) concealing the true intentions to not modify Plaintiff's loan but instead accelerate Plaintiff's house into foreclosure; 3) failing to apply payments to a Trial Payment Plan made to Plaintiffs[sic] account, as promised by Defendants; and 4) refusing to assist Plaintiff or review for any foreclosure mitigation options thereafter, including applications for modification, in violation of Cal. Civ. Code § 2924.

(Compl. ¶ 59.) The Complaint adds no further factual allegations regarding the second, third, or fourth allegations; nowhere else in the Complaint does Plaintiff allege any acceleration of Plaintiff's loan; Defendant's failure to apply payments; or Defendant's failure to review foreclosure mitigation options with Plaintiff. The Court therefore finds these conclusory statements insufficient to state a plausible claim for relief under the UCL. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to withstand a motion to dismiss]."); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that

1   content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

2      However, Plaintiff's first UCL allegation relates to untrue or misleading

3   statements regarding Defendant's intention to modify Plaintiff's loan; this allegation

4   finds factual support in Plaintiff's allegations that Defendant verbally promised

5   "that good faith payments made on time from Plaintiff would offer a permanent

6   modification" but that Defendant failed to give Plaintiff a loan modification after

7   Plaintiff made three Trial Plan Payments. (See Compl. ¶ 57.) Accordingly, the Court

8   addresses whether Plaintiff's claim of untrue or misleading statements states a claim

9   under the UCL.

10      California's UCL provides a cause of action for "unfair competition," which

11   is defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus.

12   & Prof. Code § 17200. "Unlawful," "unfair," and "fraudulent" represent three

13   separate and distinct theories of liability under California's UCL. Rubio v. Capital

14   One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010).

15      Defendant first moves to dismiss Plaintiff's UCL claim on the ground that

16   Plaintiff lacks standing to bring a UCL claim. (Dkt. No. 4-1 at 9-10.) Defendant

17   argues Plaintiff "did not suffer an economic injury, or loss of money or property, as

18   he borrowed money in 2006 and has not repaid the loan." (Id. at 9.) The Court

19   disagrees. Among other injuries, Plaintiff's Complaint alleges that Plaintiff has

20   suffered "loss of equity in his property," (Compl. ¶ 66), and made payments higher

21   than his previous payments for at least three months under a Trial Payment Plan, (id.

22   ¶ 58). Although Defendant may contest the extent of these injuries, Plaintiff's

23   alleged injuries certainly constitute economic injuries sufficient to establish

24   standing under the UCL. Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545,

25   1554 (2011) ("[S]tanding to sue under [the UCL] . . . is confined to any person who

26   has suffered injury in fact and has lost money or property as a result of unfair

27   competition.") (internal quotation marks omitted).

28      Defendant next moves to dismiss Plaintiff's UCL claim on the ground that

Plaintiff has not established an "unlawful," "unfair," or "fraudulent" business practice actionable under the UCL. (Dkt. No. 4-1 at 10-12.)

### a.    Unlawful

"Unlawful" practices under the UCL include "anything that can properly be called a business practice and at the same time is forbidden by law." <u>Farmers Ins. Exch. v. Superior Court</u>, 2 Cal. 4th 377, 383 (1992). Section 17200 thus "borrows" violations of other laws and treats them as unlawful practices independently actionable under section 17200. <u>Id.</u> Defendant argues the Complaint "fails to set forth any unlawful business practice on Wells Fargo's part" because no enforceable agreement between the Parties exists, other than the 2013 HAMP loan modification contract not at issue in Plaintiff's Complaint. (Dkt. No. 4-1 at 10-11.)

The Court agrees that Plaintiff has failed to state a claim under a "borrowed" law and thus cannot state a claim under the UCL. <u>See</u> <u>Webb v. Smart Document Solutions, LLC</u>, 499 F.3d 1078, 1082 (9th Cir. 2007) (finding that the alleged conduct "must violate a law . . . in order for Plaintiffs to state a claim for relief under Section 17200's 'unlawful' prong"). Although the Complaint lists a number of California statutes allegedly violated by Defendant in conclusory fashion, (Compl. ¶ 61, 62, 63), Plaintiff's response brief fails to point to a law Defendant has violated to support a theory of "unlawful" conduct actionable under the UCL, (see Dkt. No. 6 at 13-14). Furthermore, the Court has already concluded that Plaintiff failed to allege sufficient facts to support a claim of breach of contract, breach of the implied covenant of good faith and fair dealing, or promissory estoppel. Accordingly, the Court finds that the Complaint does not adequately state an "unlawful practice" under section 17200 to serve as a basis for a UCL claim.

### b.    Unfair or Fraudulent

Along with "unlawful" practices, the UCL provides a cause of action for "unfair" or "fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or

1   violates the policy or spirit of one of those laws because its effects are comparable

2   to or the same as a violation of the law, or otherwise significantly threatens or harms

3   competition." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone

4   Co., 20 Cal. 4th 163, 187 (1999). California courts have also held that "unfair"

5   conduct occurs when a practice "offends an established public policy or when the

6   practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

7   consumers." S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal. App. 4th

8   861 (1999) (internal quotation marks omitted). "Fraudulent" as used in the statute

9   does not refer to the common law tort of fraud, but rather requires a showing that

10  members of the public are likely to be deceived. Olsen v. Breeze, Inc., 48 Cal. 4th

11  1254, 1267 (1992); Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1267

12  (1992).

13          Defendant argues Plaintiff's Complaint fails to articulate an "unfair" business

14  activity and lacks the requisite specificity to support a claim for fraudulent business

15  practices in violation of the UCL. (Dkt. No. 4-1 at 11-12.) The Court agrees. As set

16  forth above, Plaintiff's primary allegation with regard to Defendant's alleged

17  violation of the UCL focuses on Defendant's untrue or misleading statements

18  regarding Defendant's intention to modify Plaintiff's loan. Plaintiff fails to advance

19  any factual allegations to support a claim that Defendant's misleading statements

20  threatened to violate the letter, policy, or spirit of the antitrust laws, or that they

21  threatened competition; neither does Plaintiff's Complaint allege the contents of the

22  alleged untrue or misleading statements to state a plausible claim that the statements

23  were against public policy, immoral, unethical, oppressive, or unscrupulous. See

24  Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1170 (9th Cir. 2012) (holding

25  that a plaintiff failed to state a claim under either the Cel-Tech or S. Bay Chevrolet

26  definitions of "unfair" conduct in violation of the UCL). Accordingly, the Court

27  finds that Plaintiff has failed to state a claim for "unfair" business practices in

28  violation of the UCL.

In addition, Plaintiff's allegations of fraudulent conduct are subject to the heightened pleading standards of Federal Rules of Civil Procedure 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b), parties alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, Plaintiff's allegations regarding untrue or misleading statements fall short of alleging fraud "with particularity." See Rodriguez v. JP Morgan Chase & Co., 809 F. Supp. 2d 1291, 1297 (S.D. Cal. 2011) (dismissing plaintiff's UCL claim because the plaintiff "presented only conclusory allegations of fraud in his complaint" and failed to "allege with specificity who engaged in the fraud and when and how"). Specifically, Plaintiff fails to allege who made the statements, or when the statements were made, (see Compl. ¶¶ 18-20) (using vague temporal references such as "[s]ome time passed after," "[t]hereafter," and "[a]fter months of review").

Accordingly, the Court dismisses without prejudice Plaintiff's claim for violation of California's UCL, Cal. Bus. & Prof. Code § 17200.

### 5.    Violation of California Civil Code Section 1788-1788.5

Plaintiff's fifth and final cause of action alleges violation of the California Rosenthal Act, Cal. Civ. Code section 1788-1788.5. (Compl. at 17.) Plaintiff alleges Defendant "harassed Plaintiff, through multiple telephone calls, calls made repeatedly throughout the day, with the intent to harass and annoy Plaintiff so that he would pay his mortgage." (Id. ¶ 78.) Plaintiff alleges "Defendants would call Plaintiff sometimes even up to 10 times per day from early morning to late at night, even when the Plaintiff is sleeping." (Id. ¶ 79.)

The purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b). To achieve this end, the Rosenthal Act "prohibits a host of unfair and oppressive methods of collecting debt, but to be liable . . . a defendant

must fall under its definition of 'debt collector.' " <u>Izenberg v. ETS Services, LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). "A debt collector violates the act, e.g., when it engages in threats, use of profane language, or harassment; when it places telephone calls without disclosing the caller's identity; when it communicates to a third party that a debtor has engaged in conduct, other than failure to pay a consumer debt, that the debt collector knows or has reason to believe will defame the debtor; and when it makes a false representation that a consumer debt may be increased by the addition of fees or other charges if such fees or charges may not be lawfully added to the existing debt." <u>Walters v. Fidelity Mortg. of Cal.</u>, 730 F. Supp. 2d 1185, 1203 (E.D. Cal.2010) (citing Cal. Civ. Code §§ 1788.10; 1788.11(a), (b), (e); 1788.13(e)).

Defendant moves to dismiss Plaintiff's Rosenthal Act claim on the ground that the Act does not apply to Defendant's actions in seeking to enforce a deed of trust or proceeding with a non-judicial foreclosure. (Dkt. No. 4-1 at 13.) Defendant argues it "is merely enforcing its rights under the loan, secured by a deed of trust," which does not amount to a "debt collection" under the Rosenthal Act. (<u>Id.</u>)

Plaintiff responds that his allegations focus on Defendant's "incessant telephone calls attempting to collect payment" rather than Defendant's foreclosure procedures. (Dkt. No. 6 at 16.) Plaintiff argues the cases cited by Defendant exempt the actual act of foreclosing on a property from the Rosenthal Act, but that Defendant's telephone calls to collect payment constitute "debt collection" under the Act. (<u>Id.</u>)

The Court finds that Plaintiff has not alleged sufficient facts to state a claim under the Rosenthal Act. As set forth above, the Parties hotly dispute whether Defendant's calls to Plaintiff constitute "debt collection" by a "debt collector" under the Rosenthal Act. However, Plaintiff's Complaint fails to include sufficient details for the Court to determine the timing, content, or nature of Defendant's alleged "incessant calls" to Plaintiff. For example, Plaintiff conclusorily alleges that, "[a]ll

the while, Plaintiff received an incessant amount of phone calls daily to his home and his cell phone, from representatives of Defendants, attempting to collect payments." (Compl. ¶ 27.) The Complaint is thus unclear as to whether these calls were received while Plaintiff was making payments on his Loan, (see Compl. ¶ 23), while Plaintiff was paying the alleged Trial Payment Plan payments, (see Compl. ¶ 24), or afterward. Furthermore, Plaintiff alleges that, at the time he was receiving calls from Defendant, Plaintiff was simultaneously sending documents "to Defendant WELLS countless times, and each time Defendants stated that they couldn't find the documents or to call back later." (Compl. ¶ 27.) Due to the lack of allegations regarding when Defendant allegedly "harassed Plaintiff, through multiple telephone calls," Plaintiff has failed to allege a plausible claim that Defendant repeatedly contacted Plaintiff for a reason within the ambit of the Rosenthal Act rather than to return Plaintiff's communications or to notify Plaintiff about pending judicial foreclosure proceedings. Accordingly, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's fifth cause of action for violation of the California Rosenthal Act, Cal. Civ. Code section 1788-1788.5.

**C.     Leave to Amend**

Plaintiff has requested leave to amend the FAC should the Court grant Defendant's motion to dismiss. (Dkt. No. 6 at 9, 10, 11, 14, 16-17.) Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' " DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). Finding Plaintiff's pleading defects curable, the Court grants Plaintiff leave to amend the FAC.

<b>CONCLUSION</b>

Based on the above, the Court hereby GRANTS Defendant's motion to dismiss all causes of action alleged against it in Plaintiff's Complaint. The motion

1   hearing set for September 5, 2014 at 1:30 p.m. is accordingly VACATED and

2   Plaintiff's motion for leave to appear at the hearing telephonically, (Dkt. No. 8), is

3   DENIED as MOOT.

4          Plaintiff is granted thirty (30) days from the date this Order is electronically

5   docketed to file an amended complaint addressing the deficiencies set forth above.

6          **IT IS SO ORDERED.**

7   DATED:  September 3, 2014

8   _____
    HON. GONZALO P. CURIEL
9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28