1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  RONALD MOORE, an individual, | CASE NO. 14cv1342-GPC-RBB |
| 10                         Plaintiff, | **ORDER:** |
| 11     v. | **(1) GRANTING DEFENDANT'S MOTION TO DISMISS;** |
| 12 | |
| 13 | **(2) DENYING AS MOOT DEFENDANT'S REQUEST FOR JUDICIAL NOTICE;** |
| 14  WELLS FARGO BANK, N.A., a business entity; and DOES 1 through 10, inclusive, | **(3) VACATING HEARING DATE** |
| 15 | [Dkt. No. 11.] |
| 16                         Defendants. | |

17

18    On October 21, 2014, Defendant Wells Fargo Bank, N.A. ("Defendant") filed

19  a Motion to Dismiss Plaintiff Ronald Moore's ("Plaintiff") First Amended

20  Complaint, as well as a Request for Judicial Notice.  (Dkt. Nos. 11-13.)  The Court

21  set a briefing schedule requiring Plaintiff to file a response by November 14, 2014.

22  (Dkt. No. 14.)  To date, Plaintiff has not filed an opposition.

23    Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an

24  opposition or statement of non-opposition within fourteen calendar days of the

25  noticed hearing.  Failure to comply with these rules "may constitute a consent to the

26  granting of a motion."  Civ. Local R. 7.1.f.3.c.  District courts have broad discretion

27  to enact and apply local rules, including dismissal of a case for failure to comply

28  with the local rules.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming

grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition.  *See Ghazali*, 46 F.3d at 53.  The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendant's unopposed motions to dismiss.  The Court's docket reflects that Plaintiff was served with a copy of the motion and the Court's briefing schedule.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss as unopposed.  *See* Civ. Local R. 7.1.f.3.c; *see also Ghazali*, 46 F.3d at 53. In addition, the Court **DENIES AS MOOT** Defendant's request for judicial notice, without prejudice to any later re-filing.

IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendant's Motion to Dismiss, currently set for December 12, 2014 at 1:30 p.m., is **VACATED**.

**IT IS SO ORDERED.**

DATED:  December 5, 2014

HON. GONZALO P. CURIEL
United States District Judge

14cv1342-GPC-RBB